UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE BUILDING
TRADES ANNUITY BENEFIT FUND, BUILDING
TRADES WELFARE BENEFIT FUND and
ELECTRICIAN'S RETIREMENT FUND,

                                                              **COMPLAINT**

                              Plaintiffs,

                   -against-

BRIDGE ELECTRIC NJ, LLC, JOSEPH VINCI and
MICHAEL BENVENUTO Individually,

                              Defendants.
------------------------------------------------------------------x

Plaintiffs, Trustees of Building Trades Educational Benefit Fund, The Building Trades Annuity Benefit Fund, the Building Trades Welfare Benefit Fund, and the Electrician's Retirement Fund, (hereinafter referred to as "Funds"), by their attorneys Barnes, Iaccarino, & Shepherd, LLP allege as follows:

## JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185 and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f) and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

1

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs.

## **PARTIES**

5. The Plaintiffs Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds a defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U. S.C. Section 186(c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Section 1002 3(1), 3(2), and 3(3) and 1132(d)(1) and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145).  Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between Bridge Electric NJ LLC, and Local 363, United Electrical Workers of America, IUJAT.  The Funds are authorized to collect

contributions which include, but is not limited to, payments for annuity, educational benefits, hospitalization, and medical care on behalf of the employees of the Employer, and the Plaintiffs Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures  that concern the protection of employee benefit rights.

7. The Plaintiffs Funds' principal office is located and administered at 50 Charles Lindbergh Blvd., Suite 207, Uniondale, NY 11553, in the County of Nassau.

8. Upon information and belief, the Defendant, Bridge Electric NJ LLC (hereinafter referred to as "Bridge" or "the Employer" or "Defendant") at all relevant times, was and is an "Employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an Employer in an industry affecting Bridge within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

9. Upon information and belief, that Bridge is a for foreign corporation doing business in the State of New York with its principal place of business located at 10 Mechanic Street, STE 100, Red Bank, NJ, 07701.

10. Upon information and belief, the Defendant, Joseph Vinci is/or was an officer, agent, partner and/or principal owner of the Bridge, and is personally and individually obligated to assume all obligations of Bridge.

11. Upon information and belief, Joseph Vinci resides at 30 Tobi Court, Freehold, NJ 07728.

12. Upon information and belief, the Defendant, Michael Benvenuto is/or was an officer, agent, partner and/or principal owner of the Bridge, and is personally and individually obligated to assume all obligations of Bridge.

13. Upon information and belief, Michael Benvenuto resides at 300 Morrissee Ave., Haledon, NJ 07508.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM OF RELIEF

14. Bridge executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union or by virtue of membership in an Association or by a Participation Agreement.

15. The C.B.A. and/or Trust Indenture requires that Bridge to submit contributions reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

16. Upon information and belief, as a result of work performed by the individual employees of the Bridge pursuant to the C.B.A., there became due and owing to the Funds from the Bridge's fringe benefit contributions.

17. Bridge has failed and refused to remit to the Funds, fringe benefit contributions due and owing under the C.B.A. and in accordance with the Trust Indentures in the minimum amount of $56,252.47 as the result of an audit dated October 1, 2016 through September 30, 2019, plus interest, fees, liquidated damages.

18. Bridge's failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the C.B.A. between Bridge and the Union wherein the Funds are third party beneficiaries and/or terms of the Participation Agreement.

19. Pursuant to the C.B.A., Participation Agreement, Trust Documents and the Policy for Collection of Delinquent contributions upon the Bridge's failure to pay contributions and they become due, Bridge is obligated to the pay the following:  the additional amount of twenty (20%) percent of the total sum of contributions due and unpaid as liquidated damages; interest; audit fees; attorneys' fees at the hourly rate charged to the Funds for such services and all costs incurred in initiating the court action for the collection of delinquent contributions.

20. Accordingly, Bridge is liable to Plaintiffs for contribution reports and unpaid benefit contributions in the minimum amount of $56,252.47, plus liquidated damages, interest, court costs, and attorneys' fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF

21. Plaintiffs repeat, reiterate and really each and every allegation contained in paragraphs "1" through "20" of this Complaint as if fully set forth at length herein.

22. Section 515 of ERISA (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the C.B.A. and Trust Indentures.

23. Bridge has failed to pay or timely pay the fringe benefit contributions to Plaintiffs owed as a result of work performed by individual employees of Bridge. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

24. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon finding of an Employer violation of Section 515 of ERISA (29 U.S.C. 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a Plaintiffs' Funds of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both

computed at a rate set forth in the United States Internal Revenue code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

25. The failure to pay has injured the Funds by delaying investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contributions amounts.

26. Accordingly, Bridge is liable to Plaintiffs under the C.B.A. and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

27. Accordingly, Bridge is liable to the Funds in the minimum amount of $56,252.47 in unpaid contributions plus liquidated damages, interest, reasonable attorney's fees, audit fees, costs and disbursements in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR THE THIRD CLAIM FOR RELIEF

28. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "27" of this Complaint as if set forth at length herein.

29. Pursuant to ERISA, the C.B.A. Collection Policy and/or Trust Indenture, Bridge is required to timely submit current fringe benefit contributions and reports to Plaintiffs.

30. Upon information and belief, Bridge has in the past failed to timely submit current fringe benefit contributions and reports to Plaintiffs and is in breach of the statutory obligations under ERISA, the C.B.A. and Trust Indenture.

31. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If Defendant fails to pay the additional contributions and/or delinquency charges those additional amounts should be included plus interest as part of this action, at the time of trial or judgment, whichever is later.

## AS FOR THE FOURTH CLAIM FOR RELIEF

32. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "31" of this complaint as if set forth at length therein.

33. The financial integrity of the Plaintiffs' Funds and the allocation of proper eligibility and credit to the members are determined and are based upon prompt and accurate remittance of reports and fringe benefit contributions from Bridge.

34. Plaintiffs' Funds have no adequate remedy at law to ensure that Bridge will adhere to their continuing statutory and contractual obligations.

35. The failure of Bridge to promptly remit payment will cause Plaintiffs immediate and irreparable injury unless Bridge and its officers, agents and servants are enjoined from failing, refusing or neglecting to submit the required current monetary contributions and reports to Plaintiffs.

36. By reason of the foregoing, Plaintiffs are entitled to a permanent injunction enjoining Bridge from any further or future violations of this or subsequent collective bargaining agreements with plaintiff Union, as such agreements apply to the obligations of Bridge to Plaintiffs herein.

## AS AND FOR A FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT JOSEPH VINCI, INDIVIDUALLY

37. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "36" of this Complaint as if set forth at length herein.

38. ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses" 29 U.S.C. Section 1104 (a)(1)(A).

39. ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law, 29 U.S.C. Section 1104(a)(1)(D).

40. Upon information and belief, as a result of the work performed by Bridge, under the Agreements, Bridge received substantial sums of money related to the work performed, which intended to pay, among other things, the wages and benefits of employees furnishing and supplying the labor.

41. By exercising control over assets belonging to the Funds, Joseph Vinci (hereinafter "Joseph") is a fiduciary with respect to the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. Section 1002(21)(A) and is a fiduciary with respect to the plan assets that he failed to timely pay into the Funds.

42. Upon information and belief, Joseph owned, controlled and dominated the affairs of Bridge and carried on the business of Bridge for his own personal ends.

43. Upon information and belief, Joseph had managerial discretion and control over Bridge and made all decisions on behalf of Bridge; signed contracts governing Bridge; signed checks for Bridge and made all decisions concerning payments by Bridge.

44. Upon information and belief, Joseph determined which creditors Bridge would pay; determined when the Plaintiffs' Funds would be paid; determined how much money would be

paid to the Plaintiffs' Funds and exercised control over money due and owing to the Plaintiffs' Funds.

45. Upon information and belief, Joseph commingled assets of the Plaintiffs' Funds with the Bridge's general assets and used the Plaintiffs' Funds' assets to pay other creditors of the Bridge rather than forwarding the assets to the Plaintiffs' Funds.

46. By failing and refusing to turn over to the Plaintiffs' Funds the contributions, which are property of the Funds, Bridge and Joseph have converted the property of the Funds.

47. Upon information and belief, while retaining Plaintiffs' Funds' contributions, Joseph diverted the Plaintiffs' Funds' assets for his own personal use.

48. By withholding contributions from Plaintiffs' Plans, Joseph is individually and personally liable for the violations of ERISA Section 404 described herein, 29 U.S.C. Section 1104.

49. By withholding the contributions from the Funds, Joseph received and retained for his own personal use and benefit, monies which were rightfully assets of the Funds in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. Section 1104(a)(1)(A).

50. By withholding the contributions from the Plaintiffs' Funds, Joseph failed to abide by the instruments governing the Funds in violation of ERISA Section 404(a)(1)(D), 29 U.S.C. Section 1104(a)(1)(D).

51. As a result of the breaches of fiduciary duty described above, Joseph is liable to the Funds for the amounts set forth herein which include contributions in the minimum amount of $56,252.47 plus interest, liquidated damages, attorney fee, audit fees, the costs and fees of collection and he must singly and jointly turn over to the Funds said converted assets.

## AS AND FOR A SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT JOSEPH VINCI, INDIVIDUALLY

52. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "51" of this Complaint as if fully set forth at length herein.

53. Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit, 29 U.S.C. Section 1106(a)(1)(A) and (B). Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for their personal account, 29 U.S.C. Section 1106(b)(1) - (3).

54. At all times relevant herein, upon information and belief, Joseph is and/or was a party in interest with respect to the Plaintiffs' Funds because he was a fiduciary, employer, and/or owner within the meaning of ERISA Section 3(14)(A),(C) and (E), 29 U.S.C. Section 1002(14)(A), and (E).

55. Upon information and belief, Joseph withheld contributions from the Plaintiff Funds and retained the plan assets for his own use.

56. By withholding the contributions from the Plaintiffs' Funds, Joseph dealt with plan assets in his own interest and/or exchanged property or extended credit from plan assets for his own personal use and benefit in violation of ERISA Sections 406(a) and (b), 29 U.S.C. Section 1106(a) and (b).

57. By retaining assets of the Plaintiffs' Funds for his own use, Joseph, as a fiduciary, has breached the fiduciary obligations owed to the Plaintiff Funds and committed prohibited transactions within the meaning of Part 4 of Subchapter I of Chapter 18 of Title 29 of the United States Code, 29 U.S.C. Section 1101 *et seq.*

58. Accordingly, Joseph is jointly and individually liable to make restitution to the Funds in the amounts as are set forth herein, no part of which has been paid.

59. As a result of the breaches of fiduciary duty described above, Joseph is jointly and individually liable to the Plaintiffs' Funds for the amounts set forth herein which include contributions in the minimum amount of $56,252.47 plus interest, liquidated damages, attorney fees, audit fees, as well as the costs and fees of collection.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT MICHAEL BENVENUTO, INDIVIDUALLY

60. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "59" of this Complaint as if set forth at length herein.

61. ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses" 29 U.S.C. Section 1104 (a)(1)(A).

62. ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law, 29 U.S.C. Section 1104(a)(1)(D).

63. Upon information and belief, as a result of the work performed by Bridge, under the Agreements, Bridge received substantial sums of money related to the work performed, which intended to pay, among other things, the wages and benefits of employees furnishing and supplying the labor.

64. By exercising control over assets belonging to the Funds, Michael Benvenuto (hereinafter "Michael") is a fiduciary with respect to the Funds within the meaning of Section

3(21) of ERISA, 29 U.S.C. Section 1002(21)(A) and is a fiduciary with respect to the plan assets that he failed to timely pay into the Funds.

65. Upon information and belief, Michael owned, controlled and dominated the affairs of Bridge and carried on the business of Bridge for his own personal ends.

66. Upon information and belief, Michael had managerial discretion and control over Bridge and made all decisions on behalf of Bridge; signed contracts governing Bridge; signed checks for Bridge and made all decisions concerning payments by Bridge.

67. Upon information and belief, Michael determined which creditors Bridge would pay; determined when the Plaintiffs' Funds would be paid; determined how much money would be paid to the Plaintiffs' Funds and exercised control over money due and owing to the Plaintiffs' Funds.

68. Upon information and belief, Michael commingled assets of the Plaintiffs' Funds with the Bridge's general assets and used the Plaintiffs' Funds' assets to pay other creditors of the Bridge rather than forwarding the assets to the Plaintiffs' Funds.

69. By failing and refusing to turn over to the Plaintiffs' Funds the contributions, which are property of the Funds, Bridge and Michael have converted the property of the Funds.

70. Upon information and belief, while retaining Plaintiffs' Funds' contributions, Michael diverted the Plaintiffs' Funds' assets for his own personal use.

71. By withholding contributions from Plaintiffs' Plans, Michael is individually and personally liable for the violations of ERISA Section 404 described herein, 29 U.S.C. Section 1104.

72. By withholding the contributions from the Funds, Michael received and retained for his own personal use and benefit, monies which were rightfully assets of the Funds in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. Section 1104(a)(1)(A).

73. By withholding the contributions from the Plaintiffs' Funds, Michael failed to abide by the instruments governing the Funds in violation of ERISA Section 404(a)(1)(D), 29 U.S.C. Section 1104(a)(1)(D).

74. As a result of the breaches of fiduciary duty described above, Michael is liable to the Funds for the amounts set forth herein which include contributions in the minimum amount of $56,252.47 plus interest, liquidated damages, attorney fee, audit fees, the costs and fees of collection and he must singly and jointly turn over to the Funds said converted assets.

## AS AND FOR A EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANT MICHAEL BENVENUTO, INDIVIDUALLY

75. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "74" of this Complaint as if fully set forth at length herein.

76. Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit, 29 U.S.C. Section 1106(a)(1)(A) and (B). Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for their personal account, 29 U.S.C. Section 1106(b)(1) - (3).

77. At all times relevant herein, upon information and belief, Michael is and/or was a party in interest with respect to the Plaintiffs' Funds because he was a fiduciary, employer, and/or owner within the meaning of ERISA Section 3(14)(A),(C) and (E), 29 U.S.C. Section 1002(14)(A), and (E).

78. Upon information and belief, Michael withheld contributions from the Plaintiff Funds and retained the plan assets for his own use.

79. By withholding the contributions from the Plaintiffs' Funds, Michael dealt with plan assets in his own interest and/or exchanged property or extended credit from plan assets for his own personal use and benefit in violation of ERISA Sections 406(a) and (b), 29 U.S.C. Section 1106(a) and (b).

80. By retaining assets of the Plaintiffs' Funds for his own use, Michael, as a fiduciary, has breached the fiduciary obligations owed to the Plaintiff Funds and committed prohibited transactions within the meaning of Part 4 of Subchapter I of Chapter 18 of Title 29 of the United States Code, 29 U.S.C. Section 1101 *et seq.*

81. Accordingly, Michael is jointly and individually liable to make restitution to the Funds in the amounts as are set forth herein, no part of which has been paid.

82. As a result of the breaches of fiduciary duty described above, Michael is jointly and individually liable to the Plaintiffs' Funds for the amounts set forth herein which include contributions in the minimum amount of $56,252.47 plus interest, liquidated damages, attorney fees, audit fees, as well as the costs and fees of collection.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, as follows:

On the First, Second, Fifth, Sixth, Seventh and Eighth Claims for Relief:

(a) Damages in the estimated sum of $56,252.47 for unpaid contributions to the Funds for work performed plus interest from the date of the delinquency and liquidated damages.

(b) Attorneys' fees, audit fee and court costs and disbursements as set forth in the policy for Collection of Delinquent Contributions and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the C.B.A.;

On the Third Claim for Relief:

(c) Damages in the amount of any additional contributions and/or delinquency charges
which may become due and owing during the course of the instant action which
amount shall include the principal plus interest and liquidated damages.

On the Fourth Claim for Relief:

(d) A permanent injunction enjoining Bridge from violating the terms of this or successive
C.B.A. and Declarations of Trust as they relate to the plaintiffs herein, including but not
limited to the reporting any paying of all fringe benefit contributions in a timely fashion.

On all claims for relief:

(e) For such other and further relief as the Court deems appropriate.

Dated: Hempstead, NY
   July 27, 2020

Respectfully submitted,

BARNES, IACCARINO, & SHEPHERD, LLP

By_____
   Danielle M. Carney, Esq.
   Attorneys for the Plaintiffs
   3 Surrey Lane, Suite 200
   Hempstead, NY 11550
   (516) 483-2990