UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE BUILDING
TRADES ANNUITY BENEFIT FUND, BUILDING
TRADES WELFARE BENEFIT FUND and
ELECTRICIAN'S RETIREMENT FUND,

                      Plaintiffs,                    **REPORT AND**
                                                             **RECOMMENDATION**
            -against-                      CV 20-3376 (DRH) (ARL)

BRIDGE ELECTRIC NJ, LLC, JOSEPH VINCI and
MICHAEL BENVENUTO *Individually,*

                      Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

        This matter was referred to the undersigned by District Judge Hurley for the purpose of issuing a report and recommendation on whether the pending motion for a default judgment should be granted and, if so, the appropriate relief to be awarded to the plaintiffs. In support of the motion, the plaintiffs have submitted the affidavits of Danielle M. Carney, Esq., Albert Alimenia and Alan Rossi along with a proposed default judgment. A copy of the supporting papers was served on the defendants, Bridge Electric NJ, LLC ("Bridge") and Joseph Vinci ("Vinci"). Despite having been served with the motion papers, neither Bridge nor Vinci submitted papers in opposition. Nonetheless, based upon the evidence submitted, the undersigned respectfully recommends that the motion for a default judgment be denied with leave to renew.

        On July 28, 2020, the plaintiffs commenced this lawsuit seeking to recover unpaid contributions and attendant damages allegedly owed by the defendants, Bridge Electric NJ, LLC ("Bridge"), Joseph Vinci ("Vinci") and Michael Benvenuto ("Benvenuto") pursuant to Section

1

301 of the Labor Management Relations Act of 1947 ("Taft-Hartley Act"), 29 U.S.C. § 185, and Section 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended 29 U.S.C. § 1132(a)(3) and 29 U.S.C. § 1145.  ECF No. 1.  Bridge was served with a copy of the summons and complaint by service on Bridge's office manager on August 3, 2020.  ECF No. 5.  Vinci was personally served on August 10, 2020.  ECF No. 6.  There is no record of service on Benvenuto, who is alleged to be an agent, partner and/or principal owner of the Bridge.  *See* ECF No. 1.  In any case, Bridge and Vinci failed to answer or otherwise respond to the complaint.  Accordingly, on October 3, 2020, the plaintiffs moved for the entry of default as against Bridge and Vinci and, on November 2, 2020, the Clerk of the Court certified Bridge's and Vinci's default based upon their failure to answer or otherwise appear in this action.  ECF No. 8.

On April 13, 2021, the plaintiffs moved for a default judgment.  ECF No. 13.  The plaintiffs seek an award as against both Bridge and Vinci in the amount of $56,252.47 in unpaid contributions, $8,241.80 in interest, $11,250.49 in liquidated damages, $4,415.15 in accounting fees, $1,371.25 in costs and $2,600.00 in attorneys' fees.  *Id.*  As noted above, in support of the motion, the plaintiffs submitted the affidavits of Danielle M. Carney, Esq., Albert Alimenia and Alan Rossi.  ECF Nos. 9-11.  However, the motion does not comply with Local Rule 7.1 in that it does not contain a memorandum of law setting forth the cases and other authorities relied upon in support of the motion.  Although the Court may, in its discretion, proceed with a determination of the motion despite the absence of a memorandum of law, in this instance, the plaintiffs submissions do provide a sufficient basis for the Court to do so.  *See Wider Consol., Inc. v. Vision Prod. Co.*, No. 17-CV-3427, 2018 WL 1320685, at *3 (E.D.N.Y. Feb. 22, 2018), report and recommendation adopted, No. 17-CV-3427, 2018 WL 1320664 (E.D.N.Y. Mar. 13,

2018) (While the Court has discretion to overlook failure to comply with local rules, the absence of a memorandum of law that comports with the requirements of Rule 7.1 could alone form a basis for denying the plaintiff's motion); *Sullivan v. Marble Unique Corp.,* No. 10-CV-3582, 2011 WL 5401987, at *4 n.2 (E.D.N.Y. Aug. 30, 2011), report and recommendation adopted, No. 10-CV-3582, 2011 WL 5402898 (E.D.N.Y. Nov. 4, 2011) ("Plaintiffs' counsel did not include a memorandum of law as required by Local Civil Rule 7.1.   Failure to do so in the future may lead to sanctions, including denying the motion in its entirety or a reduced fee award."). Among other things, the plaintiffs seek to hold Vinci personally liable for the unpaid contributions owed by Bridge and the papers are silent with respect to his personal liability.   In fact, the affidavits submitted frequently refer only to "Defendant." *See e.g.,* ECF No. 10.   The plaintiffs have also failed to address whether the Court has personal jurisdiction over the corporate defendant, whose office is located in New Jersey, and the individual defendant, who also appears to reside in New Jersey.   Although a default constitutes an admission of all well-pleaded factual allegations in the complaint, *see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims.   *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted); *CIT Bank, N.A. v. Dambra,* No. 14 Civ. 3951, 2015 WL 7422348, at *5 (E.D.N.Y. Sept. 25, 2015) ("On a motion for default judgment, the burden is on the plaintiff to establish an entitlement to recovery, and a failure to plead sufficient facts may require the denial of the motion."), report and recommendation adopted by, 2015 WL 7430006 (E.D.N.Y. Nov. 20,

2015). Accordingly, the undersigned recommends that the motion be denied with leave to renew.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiffs shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        December 22, 2021

/s/
ARLENE R. LINDSAY
United States Magistrate Judge